UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

SILAS T. MCADOO,

        Plaintiff,

v.

CITY OF LUDINGTON et al.,

        Defendants.

_____/

Case No. 1:18-cv-897

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

## Discussion

    I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Michigan. The heart of his complaint, however, is unrelated to the reasons for, or the conditions of, his confinement. Plaintiff

sues the City of Ludington, the Michigan Tax Tribunal, and its chair, Steven H. Lasher, because he is dissatisfied with their decisions denying him a homestead tax exemption as a disabled veteran.

Plaintiff alleges that he is an honorably discharged Vietnam war veteran. As such, Plaintiff is entitled to certain property tax benefits in Michigan. The Dannie Lee Barnes Disabled Veteran Property Tax Relief Act provides that "[r]eal property used and owned as a homestead by a disabled veteran who was discharged from the armed forces of the United States under honorable conditions . . . is exempt from the collection of taxes . . . ." Mich. Comp. Laws § 211.7b.

Plaintiff has been incarcerated since 1995; he is serving three concurrent life sentences.[1] On May 15, 2015, Plaintiff married Barbara Stickney. (Aff. of Barbara Stickney-McAdoo, ECF No. 1-1, PageID.34.) During July of 2016, she signed a quit-claim deed conveying her interest in her home to herself and Plaintiff. (*Id*.) The purpose of the conveyance was to take advantage of the property tax benefits available to a disabled veteran. (*Id*.) Plaintiff has never resided at, or even been inside, the home. (*Id*.)

When Plaintiff's wife applied for the exemption, the Ludington Board of Review denied the application because it "[did] not believe that this [was] the homestead of [a] qualified veteran . . . [or] that the qualified veteran [had] ever established residency at [the] address." (Dec. 14, 2016, Correspondence, ECF No. 1-1, PageID.23.) Plaintiff filed an appeal to the Michigan Tax Tribunal, but he filed late. The appeal was dismissed on March 27, 2017. Plaintiff then filed an appeal as of right to the Michigan Court of Appeals. His initial filing was late. On June 8, 2017, the court of appeals dismissed the appeal, but instructed Plaintiff he could seek leave to appeal the Michigan Tax Tribunal dismissal. Plaintiff applied for leave to appeal in the Michigan

---

[1] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=241485 (last visited August 20, 2018).

Court of Appeals. By order entered September 27, 2017, the appellate court denied the application "for lack of merit in the grounds presented." http://publicdocs.courts.mi.gov/coa/public/orders/ 2017/338866(16)_order.pdf (last visited August 20, 2018).

Plaintiff then filed an application for leave to appeal in the Michigan Supreme Court. That court denied leave by order entered May 1, 2018. Plaintiff asks this Court to review the decisions denying him the disabled veteran homestead property tax exemption because, he contends, the decisions violate his rights under the First, Fifth, and Fourteenth Amendments. Petitioner asks this Court to provide him the exemption he has been denied by the Ludington Board of Review, the Michigan Tax Tribunal, the Michigan Court of Appeals, and the Michigan Supreme Court.

II. Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

Plaintiff's claims are barred by the doctrine of *Rooker-Feldman*, which limits this Court's jurisdiction to adjudicate appeals from, or collateral attacks on, state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to

3

the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Plaintiff's sole contention is that Defendants erred when they refused to award him the disabled veterans property tax exemption for his wife's home in Ludington. The Michigan Court of Appeals concluded that Plaintiff's challenges to Defendants' decision lacked merit and then the Michigan Supreme Court refused further review. Plaintiff's injury, therefore, flows directly from the state court judgment. This Court could not grant the relief Plaintiff requests without interfering with the state court judgment. Plaintiff's claims, therefore, are barred by the *Rooker-Feldman* doctrine.

A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, 27 F. App'x 491, 493-94 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98–5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed as frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: August 27, 2018           /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge